UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARNELL EPPS,

                                  Petitioner,

            - versus -

SUPERINTENDENT, Five Points
Correctional Facility,

                                Respondent.

MEMORANDUM AND ORDER

15-CV-3874 (JG)

JOHN GLEESON, United States District Judge:

        On May 14, 2010, this court denied Epps habeas relief from his state court conviction for murder in the second degree, *see Epps v. Poole*, No. 07 CV 3432, 2010 WL 1991517 (E.D.N.Y. May 14, 2010), and the Second Circuit subsequently affirmed. *See Epps v. Poole*, 687 F.3d 46 (2d Cir. 2012).

        Epps now submits a second petition for a writ of habeas corpus. A challenge to a state conviction that includes a new claim and is presented in a successive habeas corpus application is subject to the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(b). These requirements narrowly circumscribe review such that a new claim will be dismissed unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C .§ 2244(b)(2). Per AEDPA, the courts of appeals decide whether a successive petition has met either of these standards, and a petitioner must seek authorization from the court of appeals for a district court to review the petition. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner claims he is not contesting the validity of his conviction or sentencing, both of which were challenged in his original petition, but rather the appellate process that followed. ECF No. 1, at 2. I am skeptical that this factual predicate, *i.e.* a defect in the appellate process, could not have been discovered previously with due diligence. However, since this is a new claim and Epps has not sought leave to file a successive petition, I hereby transfer this petition to the Second Circuit pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 3, 2015
      Brooklyn, New York